IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**

      **Plaintiff,**

v.                                                                            No. CR 07-0614 RB

**REBECCA CHRISTIE a/k/a REBECCA WULF,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's (Ms. Christie's) Motion to Dismiss for Speedy Trial Violation (Doc. 198), filed on September 16, 2009. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court finds that this motion should be denied.

**I.     Background.**

On January 26, 2006, Ms. Christie's three-year-old daughter, Brandi Wulf, died. On March 29, 2007, the grand jury returned an Indictment in CR 07-614 RB charging Ms. Christie with Second Degree Murder, in violation of 18 U.S.C. § 1111; and in Count 2 with Abuse of a Child and Aiding and Abetting, in violation of 18 U.S.C. § 13, § 30-6-1 (D)(1), N.M.S.A., and 18 U.S.C. § 2. (Doc. 2.) Ms. Christie's initial appearance was on April 2, 2007. (Doc. 4.)

On May 30, 2007, Ms. Christie moved for a thirty-day extension of time to file motions. (Doc. 12.) On June 1, 2007, the motion was granted based on 18 U.S.C. § 3161(h)(8)(A) (2006). (Doc. 13.) On June 29, 2007, Ms. Christie moved for a 120-day continuance of the trial scheduled for July 16, 2007 (Doc. 21.) The Court continued the trial for "120 days or until the Court's November docket" based on 18 U.S.C. § 3161(h)(8)(A) (2006). (Doc. 24.)

On October 16, 2007, Ms. Christie filed a Motion for Order to Preclude Additional Search of Computer. (Doc. 41.) On November 9, 2007, the Court reset Ms. Christie's trial date to January 14, 2008, based on 18 U.S.C. § 3161(h)(8)(A) (2007). (Doc. 46.) On November 20, 2007, Ms. Christie filed a Motion in Limine to Exclude Testimony Regarding the Manner of Death. (Doc. 47.)

On December 5, 2007, the grand jury returned a Superceding Indictment charging Ms. Christie and Defendant Derek Wulf with First Degree Murder and Aiding and Abetting in violation of 18 U.S.C. § 1111(a)(b) and 18 U.S.C. § 2. (Doc. 56.)

On January 22, 2008, the United States moved to designate this case complex. (Doc. 85.) The motion recited that Ms. Christie did not object to the motion to designate the case complex. (*Id.*) On January 22, 2008, the Court entered an Order designating the case complex pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) (2007). (Doc. 86.)

On May 21, 2009, the United States notified Defendants and the Court that it did not intend to seek the death penalty. (Doc. 145.) On May 26, 2009, the Court issued Memorandum Opinions and Orders pertaining to Ms. Christie's Motion to Preclude Additional Search and Return of Computer and Ms. Christie's Motion in Limine to Exclude Testimony Regarding Manner of Death. (Docs. 148 and 147.) On July 20, 2009, a scheduling order was entered. (Doc. 161.) Trial was set for October 26, 2009. (Doc. 163.)

On August 27, 2009, a federal grand jury in the District of New Mexico returned a Second Superceding Indictment in CR 07-614 RB charging Ms. Christie in Count 1 with Second Degree Murder, in violation of 18 U.S.C. § 1111; in Counts 2 and 4 with Abuse of a Child Not Resulting in Death and Aiding and Abetting, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), N.M.S.A., and 18 U.S.C. § 2; in Count 3 with Abuse of a Child Resulting in Death and Aiding and Abetting in violation of 18 U.S.C. §§ 7 and 13 and §§ 30-6-1(D)(1) and (2), (F), N.M.S.A., and

18 U.S.C. § 2; and in Count 5 with Abuse of a Child Resulting in Death and Aiding and Abetting in violation of 18 U.S.C. §§ 7 and 13 and §§ 30-6-1(D)(1) and (2), (H), N.M.S.A., and 18 U.S.C. § 2.

## II.     Discussion.

Ms. Christie moves to dismiss on the grounds that her right to a speedy trial pursuant to the Sixth Amendment to the United States Constitution has been violated. While Ms. Christie does not move to dismiss based upon the Speedy Trial Act, the Court will sua sponte address this issue.

The Speedy Trial Act generally requires a federal criminal trial to begin within seventy days from the filing of an indictment, or from the date of the initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047-48 (10th Cir. Dec. 20, 2007) (citations omitted). In balancing these two competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. *Id.* (citing 18 U.S.C. § 3161(h)).

Section 3161(h)(7)(A)[1] of the Speedy Trial Act permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a

---

[1] This section was previously designated 18 U.S.C. § 3161(h)(8), but was renumbered as 18 U.S.C. § 3161(h)(7) by the 2008 amendments to the Speedy Trial Act, Pub.L. No. 110-406, 122 Stat. 4291, 4294 (Oct. 13, 2008). Before those amendments, what is now subsection (7) was subsection (8). To avoid confusion, in describing the orders and opinions of courts issued before the 2008 amendments, reference is to the subsections as they are currently numbered. *See United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

continuance is in the best interest of the defendant and the public. *Id.*

The Tenth Circuit has stated that an ends-of-justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007). In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends-of-justice continuance can be granted and emphasized that the use of such continuances should be limited. *Id.* at 1271. In order for a continuance under 18 U.S.C. § 3161(h)(7)(A) to be valid, the parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[ ] in the need for additional time." *Toombs*, 574 F.3d at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The end-of-justice continuances in this case were granted before *Williams* and *Toombs* were decided. The Court acknowledges that the record with respect to the continuances was not developed as extensively as contemplated by these authorities. However, the Court applied the standard then in practice. In any event, the period between October 16, 2007 and May 26, 2009 was covered by 18 U.S.C. § 3161(h)(1)(D), which provides for the exclusion of periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Additionally, the case was designated complex on January 22, 2008 pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) (2007).

If there was a Speedy Trial Act violation, Ms. Christie would not be entitled to dismissal of

this case with prejudice. *See United States v. Williams*, 576 F.3d 1149, 1153 (10th Cir. 2009); *see also United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006) (the district court retains "broad discretion whether to dismiss the indictment with or without prejudice.") When an indictment is dismissed without prejudice, the prosecution may seek a new indictment within six calendar months of the date of the dismissal, even if the period prescribed by the applicable statute of limitations has expired. 18 U.S.C. § 3288. If there were a Speedy Trial Act violation, the Court would dismiss the indictment without prejudice, which would lead to further delay of the trial. For these reasons, this matter should not be dismissed under the Speedy Trial Act.

Ms. Christie moves to dismiss on the grounds that her right to a speedy trial pursuant to the Sixth Amendment to the United States Constitution has been violated. The Sixth Amendment guarantees "the right to a speedy . . . trial" in criminal prosecutions. U.S. Const. amend. VI. A Sixth Amendment speedy trial violation would require dismissal of the case with prejudice. *See Barker v. Wingo*, 407 U.S. 514, 522 (1972) ("The amorphous quality of the [Sixth Amendment speedy trial] right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried.").

In determining whether this right has been violated, the court must balance the following four factors: "(1) the length of the delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant." *See Abdush-Shakur*, 465 F.3d at 465 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). No one of the factors is necessary or sufficient to conclude a violation has occurred. *Id*. Instead, the factors are related and must be considered together along with other relevant circumstances. *United States v. Gomez*, 67 F.3d 1515, 1521 (10th Cir. 1995).

The first factor, the length of the delay, is actually a dual inquiry. *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004). First, as a threshold matter, only if the delay is "presumptively prejudicial" does the analysis proceed to the other three *Barker* factors. *Barker*, 407 U.S. at 530. Second, "[i]f the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett v. United States*, 505 U.S. 647, 652 (1992).

The Supreme Court has observed that the lower courts have generally found delay approaching one year to be presumptively prejudicial. *Doggett*, 505 U.S. at 652. The Tenth Circuit has held that "[d]elays approaching one year generally satisfy the requirement of presumptive prejudice." *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006). Because the thirty-one month delay in this case exceeds the one-year threshold, it is presumptively prejudicial and triggers the *Barker* analysis. Indeed, the government conceded this point at the October 14, 2009 hearing.

Considering the length of the delay as one of the *Barker* factors, it is material that the case involves serious charges and presents complex issues. "[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 531. It bears underscoring that this case does not involve an "ordinary street crime." On the contrary, Ms. Christie has been charged with serious crimes, including murder. The government's theory of the case appears to be that Ms. Christie caused the death of her three-year-old child by withholding food, water, and medical care over a one-year period. The government intends to rely upon several expert witnesses to prove its case. (Doc. 194.) Due to the complexity and nature of the charges, the length of the delay in this case does not weigh heavily against the government in the overall *Barker* analysis.

With regard to the second factor, the reason for the delay, the burden is on the government

to provide an explanation for the delay. *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004). This factor "weighs against the government in proportion to the degree to which the government caused the delay." *Batie*, 433 F.3d at 1291. Purposeful delay weighs heavily against the government. *Barker*, 407 U.S. at 531. "A more neutral reason such as negligence or overcrowded courts [is] weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.*

There is no indication that the government engaged in a deliberate attempt to delay the trial in order to hamper the defense. *See Barker*, 407 U.S. at 531. The government states that, as it investigated, researched the legal theories, and met with experts, it found information that prompted it to modify its charging decisions. While these are valid reasons, the fourteen-month delay in submitting the case to the capital review committee is troubling. At the October 14, 2009 hearing, when queried as to the reason for the delay in submitting the death penalty protocol, current counsel for the government referred to the reasons given by prior counsel for the government at status conferences in late 2008.

A review of the transcripts of these status conferences shows that, at the October 2, 2008 status conference, counsel for the government indicated there had been some difficulties with interviewing the defense expert, Dr. Guertin, and "back and forth" on obtaining his report. (Doc. 125 at 3-4;5-6.) Counsel for Defendant Wulf also stated that there was "really no rush" because there would be no decision from the capital review committee until the following spring due to the impending election. (Doc. 125 at 6.) At the December 16, 2008 hearing, counsel for the government stated that the reason for the delay in submitting the death penalty protocol was due to difficulty in locating Dr. Noel, who had been a treating physician and is a government witness. Counsel for the government also referred to the earlier statements of counsel for Defendant Wulf

7

regarding the change in administration. The Court weighed these considerations and imposed a deadline of February 2, 2009 for submission of the death penalty protocol.

While the Court would have preferred that the case proceed in a more expedient manner, the explanations of the government counsel are credible and indicate no deliberate attempt to delay the trial or hamper the defense. In light of the complex nature of the case, the need for additional investigation is a valid reason for delay. *United States v. Frye*, 489 F.3d 201, 210 (5th Cir. 2007) (holding that reasonable investigative delay should not be weighed against the government). Courts have recognized that the time needed for the capital review committee to decide whether to seek the death penalty is a "valid reason" for delay. *United States v. Abad*, 514 F.3d 271, 274 (10th Cir. 2008). Under the circumstances of this case, the delays caused by investigation, charging decisions, and submission to the capital review committee do not weigh heavily against the government.

It is material that Ms. Christie is responsible for the initial delay in this case. Delay attributable to the defendant does not weigh in favor of a Sixth Amendment violation. *United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994). Ms. Christie requested the continuances of June 1, 2007 and June 29, 2007. Contributing to the calculus, Ms. Christie acquiesced to some of the additional delay. On January 22, 2008, the Court granted United States' motion to designate this case complex. Ms. Christie did not object to this designation. Because Ms. Christie's actions contributed to the delay, this factor does not weigh strongly in her favor. *See Abdush-Shakur*, 465 F.3d at 465 ("We find little merit in defendant's assertion of his Sixth Amendment right to a speedy trial in the wake of the government's legitimate request for a continuance when the defendant has sat on his hands for seven months and requested several continuances of his own.").

The third factor, the defendant's assertion of her right, weighs against Ms. Christie. The Tenth Circuit has characterized this factor as "[p]erhaps the most important" factor. *Batie*, 433 F.3d

at 1291. The "defendant's assertion of the speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Dirden*, 38 F.3d at 1138 (quotation omitted). "The question . . . is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." *Batie*, 433 F.3d at 1291 (citation omitted); *Dirden*, 38 F.3d at 1138 (finding that the third factor weighed against a defendant who moved for a continuance and acquiesced when the trial date was vacated twice).

At the October 26, 2007 status conference, counsel for Ms. Christie stated that Ms. Christie did not waive speedy trial and she requested that the case proceed. (Doc. 45.) On December 5, 2007, the superceding indictment with the first degree felony murder charge was returned. (Doc. 56.) At a December 12, 2007 status conference, the government expressed the intent to file a memorandum with the capital review committee in order to determine the applicability of the death penalty. At the December 16, 2008 status conference, counsel for Ms. Christie objected to the "continual delay" in the case. (Doc. 126.) Ms. Christie filed four motions to amend her conditions of release between January 29, 2008 and February 11, 2009. (Docs. 87, 113, 118, 130.)

In her February 11, 2009 motion to modify conditions of release, Ms. Christie stated that the case had gone on much longer than she anticipated. (Doc. 130.) Ms. Christie, however, did not affirmatively assert her Sixth Amendment right to a speedy trial until September 16, 2009. By that time, twenty-nine months had elapsed since the initial indictment. Only five weeks remained before trial. Ms. Christie's earlier statements that she did not waive her speedy trial right and regrets about the delay do not equate to an affirmative assertion of the right. *See United States v. Aguirre*, 994 F.2d 1454, 1457 (9th Cir. 1993) ("The Speedy Trial Clause primarily protects those who assert their rights, not those who acquiesce in the delay-perhaps hoping the government will change its mind or lose critical evidence."). Because she did not affirmatively assert her right to a speedy trial in a

9

timely manner, this factor weighs against Ms. Christie.

The fourth factor assesses prejudice to the defendant resulting from the delay. *Yehling*, 456 F.3d at 1244. In determining whether the defendant has made a particularized showing of prejudice, courts consider the three interests the speedy trial was designed to protect: (1) prevention of oppressive pretrial incarceration, (2) minimization of the accused's anxiety and concern, and (3) minimization of the possibility that a delay will hinder the defense. *Barker*, 407 U.S. at 532. The defendant has the burden of showing prejudice. *Yehling*, 456 F.3d at 1245.

While Ms. Christie was not subjected to lengthy pretrial confinement, her conditions of release were onerous. The conditions require, in part, that she live with her parents in Florida, while her current husband, his young sons, and her daughter, who was born in March 2008 with a rare genetic disorder, reside at an Air Force base in Alabama. The significant restraints on her freedom weigh in Ms. Christie's favor. As to the second factor, the Court does not discount the significant hardships imposed upon Ms. Christie while awaiting trial. For fourteen months, Ms. Christie lived under the threat of the death penalty. The Court recognizes that a long pretrial period "may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *See Moore v. Arizona*, 414 U.S. 25, 27 (1973) (per curiam) (quotation marks, alteration and citation omitted). At the same time, some degree of anxiety is the norm for defendants facing criminal charges. Although the Court does not countenance the delay in this case, Ms. Christie has presented no evidence of unusual psychological distress as a result of the pending criminal charges or the conditions of release. Although the Court is sympathetic to Ms. Christie's plight, the first two interests do not weigh heavily in favor of a finding of prejudice.

With respect to the third and most important of the prejudice interests, impairment or hindrance of the defense, Ms. Christie has not articulated how she was prejudiced by the delay. *Barker*, 407 U.S. at 532. It does not appear that the delay has resulted in the loss of evidence or witnesses. Although almost four years have passed since Brandi's death, there has been no showing that memories of the events have faded significantly. Under the circumstances presented here, Ms. Christie has made an insufficient showing of prejudice. Considering the four *Barker* factors, together with other relevant circumstances, Ms. Christie has failed to establish a violation of the Speedy Trial Clause of the Sixth Amendment.

**WHEREFORE,**

**IT IS ORDERED** that Ms. Christie's Motion to Dismiss for Speedy Trial Violation (Doc. 198), filed on September 16, 2009, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**