**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

v.                                                      **No. CR 07-0614 RB**

**REBECCA CHRISTIE a/k/a REBECCA WULF,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Joint Motion to Dismiss Counts 2 and 4 (Doc. 210), filed on September 22, 2009.  Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court finds that this motion should be denied insofar as it pertains to Defendant Rebecca Christie.

**I.  Background.**

On January 26, 2006, Defendants' three-year-old daughter, Brandi Wulf, died.  On March 29, 2007, Defendants were initially charged by separate indictments with second degree murder and child abuse resulting in death under the Assimilated Crimes Act.  On November 21, 2007, Defendant Christie filed a motion to dismiss Count 2 of the indictment arguing the state child abuse charge duplicated the federal offense of involuntary manslaughter, in violation of 18 U.S.C. § 1112, and therefore was not assimilated into federal law.  (Doc. 48.)  On December 5, 2007, the grand jury returned a Superceding Indictment, charging Defendants with First Degree Murder and Aiding and Abetting within the Special Maritime and Territorial Jurisdiction of the United States, in violation of 18 U.S.C. § 1111(a)(b) and 18 U.S.C. § 2.  (Doc. 56.)

On August 27, 2009, the grand jury returned a Second Superceding Indictment in CR 07-614

RB, charging Defendant Christie with:

> Count 1, second degree murder, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 1111;
> Count 2, negligent child abuse not resulting in death and aiding and abetting, from January, 2005 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2;
> Count 3, negligent child abuse resulting in death and aiding and abetting, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2;
> Count 4, intentional child abuse not resulting in death and aiding and abetting, from January, 2005 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2; and
> Count 5, intentional child abuse resulting in death and aiding and abetting, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2.

On August 7, 2009, Defendants filed a Motion for Bill of Particulars (Doc. 168). The United States responded on August 21, 2009. (Doc. 178.) Defendants filed a reply on September 2, 2009. (Doc. 186.) A hearing was held on September 10, 2009 on the Motion for Bill of Particulars. On September 14, 2009, the Court issued a Memorandum Opinion and Order stating that, "if there are specific instances of conduct in support of the notion that, during the twelve month period at issue, Defendants were not providing the child with proper care or nutrition, the United States must provide an informative summary of such evidence by September 18, 2009." (Doc. 192 at 2.)

**II.   Discussion.**

Defendant Christie moves to dismiss Count 2 (negligent child abuse not resulting in death during the period 1-05 to 1-26-06) and Count 4 (intentional child abuse not resulting in death during the period 1-05 to 1-26-06) because the government did not provide an informative summary of evidence of specific instances of conduct that could prove Defendants did not provide Brandi with proper care or nutrition from January 2005 to January 26, 2006.

The government responds that it did not provide such a summary because there were no

specific acts known to the United States on September 18, 2009. The government states that its theory for child abuse during the period in question is a theory of omission, failing to act, and overall neglect.

Defendants are charged under the Assimilative Crimes Act, 18 U.S.C. §13, with violation of N.M. Stat. Ann. §30-6-1(D); § 30-6-1 (E)-(F). Notably, this Section provides that "[a]buse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be . . . placed in a situation that may endanger the child's life or health, resulting in the death of, or great bodily harm to, the child." N.M. Stat. Ann. §30-6-1(D); §30-6-1(E)-(F). Under this theory, the government must prove, in part, that: (1) Defendant Christie permitted Brandi to be placed in a situation which endangered the life or health of Brandi; (2) Defendant Christie acted intentionally or with reckless disregard; (3) Defendant Christie was a parent, guardian or custodian of the child, or had accepted responsibility for the child's welfare; (4) Defendant Christie's actions or failure to act resulted in the death of or great bodily harm to Brandi. *See* N. M. UJI-Cr. 14-603 N.M. R. Ann. (defining the elements of negligently permitting child abuse with bodily harm).

It bears underscoring that, in order to sustain a conviction, the government need not prove that Defendant Christie actively participated in abuse. *See State v. Lopez*, 142 N.M. 138, 145, 164 P.3d 19, 26 (N.M. 2007). The government need only prove that Defendant Christie permitted Brandi to be placed in a situation which endangered her life or health. The government intends to establish this element by showing that Defendant Christie failed to provide nutrition and medical care for Brandi. The absence of evidence of specific acts or incidents is not fatal to Counts 2 and 4 because N.M. Stat. Ann. §30-6-1(D) clearly contemplates criminal liability for failure to act.

Additionally, with regard to compliance with this Court's Order, the government was not

required to provide the evidentiary summary because it was unaware of any evidence of specific acts or instances on September 18, 2009.  However, in response to the motion, the government states that, on September 29, 2009, it learned that the victim's half sister, Acadia, stated that, while she was staying with Defendants during the summer of 2005, Defendant Christie preferred for Acadia and Brandi to stay in their room because Defendant Christie was always on the computer or watching television. Moreover, Acadia explained that, during her visit with Defendants, she shared her food with Brandi because Brandi was always hungry and was not given enough food.  The government has disclosed this evidence in the form of a report.

To be clear, the government need not prove specific acts or incidents in order to obtain a conviction under §30-6-1(D); § 30-6-1 (E)-(F).  The government was not obligated to disclose any specific acts on September 18, 2009 because it had no knowledge of specific instances.  The government disclosed the information it learned on September 29, 2009 in a timely manner.  For these reasons, the motion with respect to Defendant Christie is denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Joint Motion to Dismiss Counts 2 and 4 (Doc. 210), filed on September 22, 2009, is **DENIED INSOFAR AS IT PERTAINS TO DEFENDANT CHRISTIE**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**