IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

v.             No. CR 07-0614 RB

REBECCA CHRISTIE a/k/a REBECCA
WULF,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

   This matter is before the Court on Defendants' Joint Motion to Dismiss Non-Assimilated Counts (Doc. 201), filed on September 18, 2009.  Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court finds that this motion should be denied insofar as it pertains to Defendant Rebecca Christie.

**I.**  **Background.**

   On January 26, 2006, Defendants' three-year-old daughter, Brandi Wulf, died.  On March 29, 2007, Defendants were initially charged by separate indictments with second degree murder and child abuse resulting in death under the Assimilative Crimes Act ("ACA"), 18 U.S.C. §13.  On November 21, 2007, Defendant Christie filed a motion to dismiss Count 2 of the indictment arguing the state child abuse charge duplicated the federal offense of involuntary manslaughter, in violation of 18 U.S.C. § 1112, and therefore was not assimilated into federal law.  (Doc. 48.) On December 5, 2007, the grand jury returned a Superceding Indictment, charging Defendants with First Degree Murder and Aiding and Abetting within the Special Maritime and Territorial Jurisdiction of the United States in violation of 18 U.S.C. § 1111(a)(b) and 18 U.S.C. § 2.  (Doc. 56.)

   On December 6, 2007, the United States filed its response to Defendant Christie's motion

to dismiss Count 2 explaining that the United States "believes that the motion has merit and is well taken" and that "the United States intends to avail itself of the grand jury process and bring an appropriate charge under Federal Law." (Doc. 54.) On January 15, 2008, the Court granted Defendant Christie's motion to dismiss Count 2 of the original indictment on the grounds that the United States had filed a Superceding Indictment that contained no charges under the ACA or a "Count 2." (Doc. 82).

On August 27, 2009, the grand jury returned a Second Superceding Indictment in CR 07-614 RB, charging Defendant Christie with:

> Count 1, second degree murder, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 1111;
> Count 2, negligent child abuse not resulting in death and aiding and abetting, from January, 2005 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2;
> Count 3, negligent child abuse resulting in death and aiding and abetting, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2;
> Count 4, intentional child abuse not resulting in death and aiding and abetting, from January, 2005 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2; and
> Count 5, intentional child abuse resulting in death and aiding and abetting, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2.

**II.    Discussion.**

Defendant Christie moves to dismiss Counts 3 (negligent child abuse resulting in death) and 5 (intentional child abuse resulting in death) of the Second Superceding Indictment  on the grounds that these counts duplicate the federal offenses of first degree child abuse murder, second degree murder, and involuntary manslaughter, as defined by 18 U.S.C. §§ 1111 and 1112, and are therefore not assimilated into federal law.

"The ACA applies state law to a defendant's acts or omissions that are 'not made punishable

by *any enactment* of Congress.' " *Lewis v. United States*, 523 U.S. 155, 159 (1998) (quoting 18 U.S.C. § 13(a)).  The basic purpose of the ACA "is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves."  *Lewis*, 523 U.S. at 160.

    *Lewis* held that, in support of this purpose, the term "any enactment" should not be read too literally.  *Lewis*, 523 U.S. at 160.  The Court elaborated:

> Two features of the Act indicate a congressional intent to confine the scope of the words "any enactment" more narrowly than (and hence extend the Act's reach beyond what) a literal reading might suggest. First, a literal interpretation of the words "any enactment" would leave federal criminal enclave law subject to gaps of the very kind the Act was designed to fill. The Act would be unable to assimilate even a highly specific state law aimed directly at a serious, narrowly defined evil, if the language of any federal statute, however broad and however clearly aimed at a different kind of harm, were to cover the defendant's act. Were there only a state, and no federal, law against murder, for example, a federal prohibition of assault could prevent the state statute from filling the obvious resulting gap.

*Lewis*, 523 U.S. at 160.

    The ACA's "language and its gap-filling purpose taken together indicate that a court must first ask  the question that the ACA's language requires: Is the defendant's 'act or omission . . . made punishable by *any* enactment of Congress.' "  *Lewis*, 523 U.S. at 164 (quoting 18 U.S.C. § 13(a) (emphasis added)).  If the answer to this question is "no," that will normally end the inquiry and the ACA would assimilate the statute.  *Id.*

    If the answer to the question is "yes," however, the court must ask the further question whether the federal statutes that apply to the "act or omission" preclude application of the state law in question in light of such considerations as interference with the achievement of a federal policy, whether the state law would effectively rewrite an offense definition that Congress carefully considered, or because federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue.  *Lewis*, 523 U.S. at 164.  "If Congress did so

3

intend, then state law cannot be assimilated, and counts of the indictment based on state statutes must be dismissed." *United States v. Guardia*, 10 F. Supp. 2d 1237, 1239 (D.N.M. 1998).

Defendants are charged, under the ACA, with violation of N.M. Stat. Ann. §30-6-1(D); § 30-6-1 (E)-(F). Section 30-6-1 provides that "[a]buse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be . . . placed in a situation that may endanger the child's life or health, resulting in the death of, or great bodily harm to, the child." N.M. Stat. Ann. §30-6-1(D). The statute also provides for special penalties when the abuse of a child "results in death," rather than when a defendant's conduct "caused" a death. *See* N. M. Stat. Ann. § 30-6-1 (F)-(H).

Specifically, with respect to the charges under §30-6-1(D); § 30-6-1 (E)-(F), the government must prove, in part, that: (1) Defendant Christie permitted Brandi to be placed in a situation which endangered the life or health of Brandi; (2) Defendant Christie acted intentionally or with reckless disregard; (3) Defendant Christie was a parent, guardian or custodian of the child, or had accepted responsibility for the child's welfare; (4) Defendant Christie's actions or failure to act resulted in the death of or great bodily harm to Brandi. *See* N.M.UJI-Cr.14-602 and 14-603.

It bears underscoring that the government need not prove that Defendant Christie actively participated in abuse in order to obtain a conviction under § 30-6-1. *See State v. Lopez*, 142 N.M. 138, 145, 164 P.3d 19, 26 (N.M. 2007). The government need only prove that Defendant Christie permitted Brandi to be placed in a situation which endangered her life or health. This is a key distinction. The government intends to establish this element by showing that Defendant Christie failed to provide nutrition and medical care for Brandi. In other words, the government intends to show guilt through omission.

In order to determine whether the crimes charged in Counts 3 and 5 are assimilated, the first

4

question is whether first degree child abuse murder, second degree murder, or involuntary manslaughter, as defined by 18 U.S.C. §§ 1111 and 1112, apply to the charged conduct.

Felony murder committed in the perpetration of child abuse under 18 U.S.C. § 1111 defines child abuse as "intentionally or knowingly causing death or serious bodily injury to a child." 18 U.S.C. § 1111 (c)(3).  In order to obtain a conviction for felony murder committed in the perpetration of child abuse under 18 U.S.C. § 1111, the government need not establish some proof of a state of mind other than the intent to commit the underlying felony; intentionally or knowingly causing death or serious bodily injury to a child.  However, by its plain meaning, this definition does not include omissions.  *Id.*  The crime of felony murder committed in the perpetration of child abuse does not apply to the charged conduct, *i.e.*, failing to provide nutrition and medical care to Brandi. Felony murder committed in the perpetration of child abuse under18 U.S.C. § 1111 is not parallel to the state law crimes of negligent or intentional abuse of a child resulting in death as charged in Counts 3 and 5.

Second degree murder under 18 U.S.C. § 1111(a) requires the government to prove, in part, malice aforethought.  *United States v. Wolfe*, 435 F.3d 1289, 1303-04 (10th Cir. 2006).  "To kill 'with malice aforethought' means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life."  Tenth Cir. Pattern Jury Instructions §2.53. The mental state required for second degree murder differs with the mental states for negligent and intentional child abuse resulting in death because murder requires proof of malice aforethought. *Compare* 18 U.S.C. § 1111(a) and Tenth Cir. Pattern Jury Instructions §2.53 *with* N.M. Stat. Ann.§30-6-1(D); § 30-6-1 (E)-(F) and N.M. UJI 14-602 and 14-603.  Additionally, Defendant Christie has cited no authority in support of the concept that second degree murder covers an omission.  Accordingly, second degree murder 18 U.S.C. § 1111 would not criminalize the charged

conduct.

Involuntary manslaughter under 18 U.S.C. § 1112 "makes it a crime to unlawfully kill a human being (1) while committing an unlawful act not amounting to a felony, or (2) while committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death." Tenth Circuit Pattern Jury Instructions § 2.54.1. By definition, child abuse resulting in death is not a lawful act and is a felony. *See* N.M. Stat. Ann.§30-6-1(D); § 30-6-1 (E)-(F). The felonious quality of the charged omission, *i.e.*, allowing Brandi to be placed in a situation which endangered her life or health by withholding food, water and needed medical care, distinguish this case from *United States v. Jumper*, 3 Fed.Appx. 141 (4th Cir. 2001), wherein the charged act, attempt at home birth, was a lawful act that was committed in an unlawful manner or without due caution or circumspection. *Id*. Defendant Christie's reliance on *Jumper* is not persuasive. Because the charged conduct amounts to a felony under N.M. Stat. Ann.§30-6-1(D); § 30-6-1 (E)-(F), it is not punishable by 18 U.S.C. § 1112. *See United States v. Fortier*, 180 F.3d 1217, 1229 (10th Cir. 1999) ("transporting and selling stolen firearms amounts to an unlawful act constituting a felony . . . . Therefore, under the literal terms of the statute, we cannot analogize Mr. Fortier's conduct to involuntary manslaughter.").

First degree child abuse murder, second degree murder, and involuntary manslaughter, as defined by 18 U.S.C. §§ 1111 and 1112, do not cover the charged conduct, thereby leaving a gap in the federal criminal law. For this reason, the state law crimes of negligent abuse of a child resulting in death as charged in Count 3 and intentional abuse of a child resulting in death as charged in Count 5 are assimilated by the ACA.

**WHEREFORE,**

   **IT IS ORDERED** that Defendants' Joint Motion to Dismiss Non-Assimilated Counts (Doc. 201), filed on September 18, 2009, is **DENIED INSOFAR AS IT PERTAINS TO DEFENDANT CHRISTIE.**

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**