**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

v.                                                                              No. CR 07-0614 RB

**REBECCA CHRISTIE a/k/a REBECCA WULF,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion to Dismiss Due to Multiplicity (Doc. 202), filed on September 18, 2009. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court finds that this motion should be denied insofar as it pertains to Defendant Rebecca Christie.

**I.      Background.**

On January 26, 2006, Defendants' three-year-old daughter, Brandi Wulf, died. On March 29, 2007, Defendants were initially charged by separate indictments with second degree murder and child abuse resulting in death under the Assimilative Crimes Act ("ACA"), 18 U.S.C. §13. On November 21, 2007, Defendant Christie filed a motion to dismiss Count 2 of the indictment arguing the state child abuse charge duplicated the federal offense of involuntary manslaughter, in violation of 18 U.S.C. § 1112, and therefore was not assimilated into federal law. (Doc. 48.) On December 5, 2007, the grand jury returned a Superceding Indictment, charging Defendants with First Degree Murder and Aiding and Abetting within the Special Maritime and Territorial Jurisdiction of the United States, in violation of 18 U.S.C. § 1111(a)(b) and 18 U.S.C. § 2. (Doc. 56.)

On August 27, 2009, the grand jury returned a Second Superceding Indictment in CR 07-614

RB, charging Defendant Christie with:

> Count 1, second degree murder, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 1111;
> Count 2, negligent child abuse not resulting in death and aiding and abetting, from January, 2005 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2;
> Count 3, negligent child abuse resulting in death and aiding and abetting, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2;
> Count 4, intentional child abuse not resulting in death and aiding and abetting, from January, 2005 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2; and
> Count 5, intentional child abuse resulting in death and aiding and abetting, from January 7, 2006 to January 26, 2006, in violation of 18 U.S.C. §§ 7 and 13, §§ 30-6-1(D)(1) and (2), (E), NMSA and 18 U.S.C. § 2.

Defendant Christie contends that Count 1 (second degree murder during the period 1-7-06 to 1-26-06), Count 3 (negligent child abuse resulting in death during the period 1-7-06 to 1-26-06), and Count 5 (intentional child abuse resulting in death during the period 1-7-06 to 1-26-06) are multiplicitous with each other and multiplicitous with Count 2 (negligent child abuse not resulting in death during the period 1-05 to 1-26-06) and Count 4 (intentional child abuse not resulting in death during the period 1-05 to 1-26-06).

**II.     Discussion.**

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir.1997). Although "multiplicity is not fatal to an indictment," *id.* (internal quotation marks omitted), multiplicitous counts which may result in multiplicitous convictions are considered "improper because they allow multiple punishments for a single criminal offense." *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002). Notably, "multiplicitous sentences violate the Double Jeopardy Clause." *United States v. Morris*, 247 F.3d 1080, 1083 n. 2 (10th Cir. 2001).

The issue of multiplicity may arise, as it does here, when a defendant is charged with violations of multiple criminal statutes for the same underlying acts or omissions. In such a situation, the Tenth Circuit employs a two-step test. *See United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000). "A person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not, or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." *Id.* (citations omitted). When there is no clearly discernible Congressional intent to impose cumulative punishment, the rule of statutory construction that is described in *Blockburger v. United States*, 284 U.S. 299 (1932), applies. *United States v. Morehead*, 959 F.2d 1489, 1506 (10th Cir. 1992).

The *Blockburger* rule is often known as the "same elements test." *United States v. Pearson*, 203 F.3d at 1268. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.* (internal quotation marks omitted).

The New Mexico Court of Appeals has applied *Blockburger* to the statutory elements of intentional child abuse and negligent child abuse under N.M. Stat. Ann. §30-6-1(D) and concluded that "each offense contains an element that the other does not: the mens rea element." *State v. Schoonmaker*, 105 P.3d 302, 310 (NM.App. 2004). The court explained that "the statute seeks to protect distinct but equally dangerous behaviors: intentionally abusive conduct and unintentional

3

but grossly harmful conduct." *Id*. at 311. Simply put, intentional child abuse and negligent child abuse are different crimes because they contain differing mens rea elements.

Additionally, the language "resulting in the death," included in Counts 3 and 5, is an element that is not contained in Counts 2 and 4. Moreover, Counts 2 and 4 are not multiplicitous because they cover two distinct periods of time. Accordingly, Counts 2, 3, 4, and 5 are not multiplicitous with each other. Of course, Defendant Christie may raise this issue if the evidence is insufficient to support a conviction on all counts.

While not argued by Defendant Christie, second degree murder is distinct from the other charges in that it requires the government to prove that the defendant acted with malice aforethought. *See* Tenth Circuit Pattern Jury Instructions, § 2.53. The malice aforethought element is not present in any of the other counts. Clearly, Count 1 is not multiplicitous with respect to Counts 2, 3, 4, and 5 due to the distinct mens rea element. For these reasons, none of the counts are multiplicitous as charged and the motion should be denied as it pertains to Defendant Christie.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Joint Motion to Dismiss Due to Multiplicity (Doc. 202), filed on September 18, 2009, is **DENIED INSOFAR AS IT PERTAINS TO DEFENDANT CHRISTIE**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**